# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUDITH APRILE,

    Plaintiff,

v.

TIME WARNER, INC.,

    Defendant.

Case No. 2:09-cv-00182-LDG-RJJ

**ORDER**

    Plaintiff Judith Aprile filed this action seeking damages caused by the alleged negligent acts of Defendant Time Warner, Inc. (#1). Now pending before the court are Defendant's motion to dismiss for lack of jurisdiction (#23, response #25, reply #27) and Defendant's unopposed motion for leave to file amended answer and third-party complaint (#26).

## I. Background

    According to the Complaint, Defendant was filming a television show at the Mount Charleston Hotel on March 10, 2007. In order to operate its camera equipment Defendant placed various cables on the floor of the Hotel. During the filming, Plaintiff was working in her capacity as a waitress for the Mount Charleston Hotel, when a power cable, maintained by Defendant, caused her to trip and fall. Plaintiff alleges the following injuries: (1) physical and mental injuries in excess of $75,000.00, (2) medical expenses in excess of $75,000.00, and (3) lost wages, property damage, and attorneys' fees in excess of $75,000.00.

## II. Analysis

Defendant moves the court to dismiss Plaintiff's claim for lack of jurisdiction and for leave to file amended answer and third-party complaint.

**A. Defendant's Motion to Dismiss for Lack of Jurisdiction.**

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). Where a claim is originally filed in the federal court, the court applies the legal certainty standard in determining whether the requisite jurisdictional amount is present. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (1996); compare id. at 404 (indicating that the preponderance of the evidence standard applies only when a defendant removes a plaintiff's state court complaint that does not specify a particular amount of damages). Under the legal certainty standard, a claim in the complaint made in good faith satisfies the jurisdictional requirement for diversity unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1990); see Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (holding that the amount in controversy alleged by the proponent of federal jurisdiction controls so long as the claim is made in good faith). In short, where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings and to justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010).

Defendant argues for dismissal on the grounds that the Plaintiff's alleged damages do not exceed $75,000.00. Defendant argues that (1) Plaintiff's sole claim is for $14,781.60 in medical expenses and $7,037.50 in lost wages that Plaintiff alleges in her July 2, 2008 settlement letter, and (2) "as such, Plaintiff cannot prove to a legal certainty that her damages will exceed $75,000.00" (#23 at 3).

The court concludes that Plaintiff's damages claim was made in good faith and cannot say with legal certainty that Plaintiff's total damages would not exceed $75,000.00. From the face of the complaint, Plaintiff's alleges damages in excess of $225,000.00. However, Defendant argues that Plaintiff's damages amount to a much smaller figure of $21,819.00. Without more, the court might conclude that Plaintiff's damages are unreasonable and not made in good faith; that Plaintiff's claim does not appear, with legal certainty, to exceed $75,000.00. However, Plaintiff provides additional support for the court's exercise of jurisdiction. In Plaintiff's July 2, 2008, settlement letter addressed to Defendant, Plaintiff alleged that a health professional concluded that Plaintiff sustained a 5% whole person disability thereby entitling Plaintiff to a large pain and suffering claim. Additionally, Plaintiff expressly agreed to settle her complaint for $125,000.00, providing a further basis for her good-faith belief that her injuries are in excess of $75,000.00. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (indicating that the amount-in-controversy inquiry is not confined to the face of the complaint and that a settlement letter is relevant evidence of the amount in controversy). In light of the foregoing, the court cannot say with legal certainty that Plaintiff's damages for physical and mental injuries, total pain and suffering, and lost wages would not exceed $75,000.00. Therefore, the court must deny Defendant's motion to dismiss for lack of jurisdiction.

**B. Defendant's Motion for Leave to File Amended Answer and Third-Party Complaint**

"The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 933 (9th Cir. 2007) (quoting Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981)).

Defendant has filed an unopposed motion for leave to file an amended answer and third-party complaint. The Federal Rules of Civil Procedure govern the process by which a defendant

3

may amend an answer to bring in a third party. Pursuant to Rule 14, a defendant may add as a third-party defendant any person "who may be liable to it for all or part of" the damages claimed by the plaintiff. The federal court's jurisdiction over third-party claims is governed by 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(a), Congress expressly provides that the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Where the court's original jurisdiction is based on diversity jurisdiction, the court does not have supplemental jurisdiction over certain types of claims brought by *plaintiffs* when exercising supplemental jurisdiction over such claims would destroy diversity jurisdiction. 28 U.S.C. § 1367(b). However, where a *defendant* asserts a factually and logically related third-party claim, the court's exercise of supplemental jurisdiction will not be exempted by 28 U.S.C. § 1367(b) even if the third-party defendant is a citizen of the same state as the plaintiff, Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n.1 (1996).

Defendant seeks to amend its original answer to join Mount Charleston Resorts, LLC ("Mt. Charleston") as a third-party under Rule 14. Mt. Charleston, a Nevada corporation (#26), was Plaintiff's employer and was the proprietor of the Mount Charleston Hotel – the location of Plaintiff's alleged injuries. Defendant seeks to assert causes of action of contribution, equitable indemnity, express indemnity, and declaratory judgment against Mt. Charleston and alleges that Mt. Charleston is "responsible in some manner for the events and happenings" described in Plaintiff's Complaint. The court concludes that Defendant's factually and logically related third-party allegations arise out of the same controversy as Plaintiff's Complaint, i.e. the alleged trip and fall at the Mount Charleston Hotel. Moreover, in permitting Defendant to place its cables on the floor of the hotel, Mt. Charleston, as proprietor of the hotel, may be liable to Defendant for all or part of the claim against Defendant. Furthermore, Defendant's third-party claim is not precluded by § 1367(b) because Defendant asserted the third party supplemental

4

claims, not Plaintiff.  Therefore, the court freely grants Defendant's motion for leave to file an amended answer in order to join Mt. Charleston as a third-party.

### III.  Conclusion

For the reasons stated herein,

THE COURT HEREBY ORDERS that Defendant's motion to dismiss for lack of jurisdiction (#23) is DENIED.

THE COURT FURTHER ORDERS that Defendant's motion for leave to file amended answer and third-party complaint (#26) is GRANTED.

Dated this __17__ day of June, 2011.

_____
Lloyd D. George
United States District Judge